IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| WILLIAM BRADLEY DECKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:13-cv-00894 |
| | § | JURY |
| USA TRUCK, INC. AND PAUL | § | |
| CHARLES WOODARD, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS USA TRUCK, INC. AND PAUL CHARLES WOODARD'S ORIGINAL ANSWER

Defendants, USA Truck, Inc. ("USA Truck"), and Paul Charles Woodard ("Woodard") (collectively, "Defendants"), file this Original Answer to Plaintiff's Original Complaint, and states the following:

**I.**

**PARTIES**

1. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiff's Original Complaint ("the Complaint"), and therefore denies them.

2. Defendants admit the allegations in Paragraph 2 of the Complaint.

3. Defendants admit the allegations in Paragraph 3 of the Complaint.

**II.**

**JURISDICTION AND VENUE**

4. Defendants admit the allegations in Paragraph 4 of the Complaint.

5. Defendants admit the allegations in Paragraph 5 of the Complaint.

6. Defendants admit the allegations in Paragraph 6 of the Complaint.

## III.

## FACTS

7. Defendants are without sufficient information to form a belief as to the truth of the allegations that on or about December 5, 2011, Plaintiff, William Decker ("Plaintiff" or "Decker") was traveling southbound on U.S. Highway 79 North, Henderson, Rusk County, Texas, and therefore deny them. Defendants admit that Woodard, operating a vehicle owned by USA Truck, was traveling southbound on U.S. Highway 79 North, Henderson, Rusk County, Texas. Defendants deny the remaining allegations in Paragraph 7 of the Complaint.

## IV.

## NEGLIGENCE OF PAUL CHARLES WOODARD

8. The allegations in Paragraph 8 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent the allegations in Paragraph 8 of the Complaint, including but not limited to subsections "a." through "g.," involve actions and/or inactions by Woodard related to any purported legal duty, Defendants specifically deny each and every allegation in Paragraph 8 of the Complaint, including subsections "a." through "g.," that any claimed legal duty was violated.

9. The allegations in Paragraph 9 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent the allegations in Paragraph 9 of the Complaint involve actions and/or inactions by Woodard related to any purported legal duty, Defendants specifically deny each and every allegation in Paragraph 9 of the Complaint that any claimed legal duty was violated.

## V.

## NEGLIGENCE OF USA TRUCK, INC.

10. The allegations in Paragraph 10 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent the allegations in Paragraph 10 of the Complaint, including but not limited to subsections "a." through "f.," involve actions and/or inactions by USA Truck related to any purported legal duty, Defendants specifically deny each and every allegation in Paragraph 10 of the Complaint, including subsections "a." through "g.," that any claimed legal duty was violated.

## VI.

## RESPONDEAT SUPERIOR

11. Defendants admit the allegations in Paragraph 11 of the Complaint.

12. The allegations in Paragraph 12 of the Complaint relate to legal questions to which no responsive pleading is required. Nevertheless, Defendants specifically deny each and every allegation in Paragraph 12 of the Complaint.

## VII.

## DAMAGES FOR WILLIAM DECKER

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants specifically deny each and every allegation, including subsections "a" through "e," in Paragraph 14 of the Complaint.

## VIII.

## PRAYER FOR RELIEF

15. Defendants deny that Plaintiff is entitled any of the relief requested in Section VIII of the Complaint.

## IX.

## AFFIRMATIVE DEFENSES

16. Pleading further, alternatively, and by way of affirmative defense, Defendants state that in the unlikely event that an adverse judgment would be rendered against them, Defendants respectfully request all available credits and/or offsets as provided by the Texas Civil Practice and Remedies Code and under Texas law.

17. Pleading further, alternatively, and by way of affirmative defense, Defendants assert that Plaintiff committed certain acts and omissions, including acts of negligence, which caused Plaintiff's damages. Therefore, Plaintiff is barred, in whole or in part, from a recovery of damages from Defendants due to Plaintiff's contributory negligence.

18. Pleading further, alternatively, and by way of affirmative defense, Defendants assert that Plaintiff's damages, if any, were solely caused by the conduct of other parties, including Plaintiff, or alternatively, that the conduct of other parties, including Plaintiff, was an intervening cause of Plaintiff's damages. Therefore, Defendants are not liable for such damages.

19. Pleading further, alternatively, and by way of affirmative defense, Defendants assert that Plaintiff's damages, if any, were the result of pre-existing conditions. Therefore, Defendants are not liable for such damages.

20. Pleading further, alternatively, and by way of affirmative defense, Defendants assert that Plaintiff's damages, if any, were the result of subsequent intervening conditions. Therefore, Defendants are not liable for such damages.

21. Pleading further, alternatively, and by way of affirmative defense, Defendants assert that any damages sought to be recovered by Plaintiff should be reduced to the extent that Plaintiff has failed to take the reasonable steps that a person of ordinary prudence in a similar

situation would have taken to avoid the claimed damages.

22. Pleading further, alternatively, and by way of affirmative defense, Defendants assert that in addition to any other limitation under law, Plaintiff's recovery of medical or health care expenses be limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to Section 41.0105 of the Texas Civil Practices and Remedies Code.

23. Defendants hereby gives notice that they intend to rely upon such other defenses or denials, affirmative or otherwise, and to assert third-party claims and any other claims, as may become available or appear during discovery as it proceeds in this matter, and hereby reserves the right to amend its Answer to assert such defenses.

## X.

## JURY DEMAND

24. Defendants hereby demand a jury trial in accordance with Federal Rule of Civil Procedure 38.

## XI.

## PRAYER

25. For these reasons, Defendants, USA Truck, Inc. and Paul Charles Woodard, pray that Plaintiff take nothing by his suit against them, that Defendants be awarded all costs and expenses incurred on their behalf, and for such other and further relief, both at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN & LOGAN PC**

By:   s/ Zach T. Mayer
    Zach T. Mayer
    *Lead Attorney*
    Texas State Bar No. 24013118
    zmayer@krcl.com
    Brian J. Fisher
    Texas State Bar No. 24032178
    bfisher@krcl.com

1601 Elm Street, Suite 3700
Dallas, Texas 75201
(214) 777-4200 / Fax (214) 777-4299

**ATTORNEYS FOR DEFENDANTS USA TRUCK, INC. AND PAUL CHARLES WOODARD**

## CERTIFICATE OF SERVICE

This is to certify that on this the 17th day of December 2013, a true and correct copy of the foregoing instrument is being served on all counsel of record, as follows:

**VIA ECF AND FIRST CLASS MAIL**
Matthew B. Flanery
Grant & Flanery, P.C.
216 West Erwin Street, Suite 200
Tyler, Texas 75702

  s/ Zach T. Mayer
Zach T. Mayer