# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| WILLIAM BRADLEY DECKER | § § | |
| *Plaintiff,* | § § | |
| | § | CIVIL ACTION NO. |
| vs. | § § | 6:13-CV-894 |
| USA TRUCK, INC. and PAUL CHARLES WOODARD | § § § | |
| *Defendants.* | § § | |

## JOINT PROPOSED JURY INSTRCTIONS

### I. General Instructions

**MEMBERS OF THE JURY:**

 **A.** **Introduction**

 You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

 After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and

are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Do not let bias, prejudice or sympathy play any part in your deliberations.  Answer each question from the facts as you find them.  Do not decide who you think should win and then answer the questions accordingly.  Your answers and your verdict must be unanimous.

B.    **Burden of Proof**

You must answer all questions from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proven by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

C.    **Calling Witnesses**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in this case, or who may appear to have some knowledge of the matters at issue in this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case.

D.    **Objections and Rulings of the Court**

During the course of this trial, you have heard counsel make objections to evidence.  It is the duty of the attorneys on each side of a case to object when the other

side offers testimony or other evidence which the attorney believes is not properly admissible. You should not draw any inference against an attorney or the attorney's client because that attorney has made an objection.

If I overruled an objection and permitted evidence to be admitted over the objection, my ruling on any objection is not, and should not be considered by you to be, any indication of an opinion by me regarding the weight, effect, or probative value of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of the evidence.

If I sustained an objection to a question or the introduction of other evidence, you must disregard the question entirely and may draw no inference from the wording of the question, nor speculate regarding what the witness might have said if the witness had been permitted to answer or regarding the content of any document not admitted.

### E. Witness Testimony

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an

intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

### F. Consideration of the Evidence

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case.  One is direct evidence - such as testimony of an eyewitness.  The other is indirect or circumstantial evidence - the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

### G. Juror Notes

Any notes that you have taken during this trial are only aids to memory.  If your memory should differ from your notes, then you should rely on your memory and not on

the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

### H. Stipulations

The parties have stipulated to the following facts. This means both sides agree these stipulations are true. You must therefore treat these facts as having been proved, even if no evidence may have been specifically offered regarding them.

The parties agree that, on December 5, 2011 Mr. Decker and Mr. Woodard were involved in a collision, while Mr. Woodard was in the course and scope of his employment with USA Truck, Inc.

## II. Nature of the Parties' Claims

This case arises from a collision between the Plaintiff's and Defendant's vehicles. Plaintiff claims that Defendant changed lanes when it was not safe to do so, causing a collision; Defendant contends that Plaintiff changed lanes when it was not safe to do so, causing a collision. Plaintiff also claims that the collision caused him to incur medical expenses, pain and suffering, and physical impairment which he would not otherwise have experienced. With regard to your findings, you should be guided by the following definitions:

"Negligence" means failure to use ordinary care; that is to say, failure to do that which a person of ordinary prudence would have done under the same or similar

circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.[1]

"Ordinary care" means that degree of care which would be used by a person of ordinary prudence under the same or similar circumstances.[2]

"Proximate cause" means that cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.[3]

"Injury", includes aggravation of an existing disease or physical defect, or activation of any such latent condition, resulting from physical injury to the plaintiff. If you find that there was such an aggravation, you should determine, if you can, what portion of the plaintiff's condition resulted from the aggravation, and make allowance in your verdict only for the aggravation.[4]

### A.    Plaintiff's Claim

Plaintiff must prove, by a preponderance of the evidence, that Defendants' negligence proximately caused the collision and Plaintiff's injuries and damages.

---

[1] Texas Pattern Jury Charges ("PJC") 2.1 (2010).
[2] *Id.*
[3] PJC 2.4 (2010).
[4] Fifth Circuit Pattern Jury Instructions (Civil 2006), §15.5.

### B. Defendant's Claim

Defendants must prove, by a preponderance of the evidence, that Plaintiff's negligence proximately caused the collision and Plaintiff's injuries and damages.

### III. Instructions on Damages

### A. Introduction

If you find for the Plaintiff, it will then be your duty to determine damages in accordance with these instructions. If you do not find for the Plaintiff, and find only for the Defendants, then you will not consider the question of damages.

If you find in favor of the Plaintiff, then you should award Plaintiff such sum as you believe will fairly and justly compensate Plaintiff for any damages you find he sustained in the past and in reasonable probability will sustain in the future as a result of the occurrence mentioned in the evidence.

You should consider the following elements of damage for each Plaintiff, to the extent that you find them proved by a preponderance of the evidence, and no others:

1. Plaintiff's past incurred medical expenses.
2. Plaintiff's medical expenses that, in reasonable probability, he will sustain in the future.
3. Plaintiff's mental anguish sustained in the past.
4. Plaintiff's mental anguish that, in reasonable probability, will be sustained in the future.
5. Plaintiff's physical impairment that occurred in the past.

6.  Plaintiff's physical impairment that, in reasonable probability, will be sustained in the future.[5]

### B. Calculating Damages

Your determination of the amount which will reasonably compensate the Plaintiff for mental anguish and physical impairment, if any, experienced by him in the past or to be experienced in the future must necessarily be left to your sound discretion as there are no mathematical rules by which the equivalent of such injuries in money can be determined. Any charts or arguments used by the attorneys during their closing arguments are not evidence themselves, but simply the party's method of presenting their contentions. Any "unit of time" argument by counsel -- that is suggesting that a certain amount of money be awarded for a day or an hour of pain and suffering -- is likewise not evidence, but is also simply party's method of presenting their contentions as to how much money, if any, should be awarded for pain and suffering. You may consider any such argument when you reach your verdict, but because the amount of an award, if any, for pain and suffering is left to your sound discretion, you are also free to disregard a unit of time argument.

### C. Cautionary Instruction on Damages

You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am

---

[5] PJC 15.2 (2010).

instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

### IV.  Instructions on Deliberations

It is your sworn duty as jurors to discuss the case with one another in an effort to reach an agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong.  However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are judges–judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the marshal, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

You may now retire to the jury room to conduct your deliberations.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| WILLIAM BRADLEY DECKER | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | 6:13-CV-894 |
| USA TRUCK, INC. and PAUL | § | |
| CHARLES WOODARD | § | |
| | § | |
| *Defendants.* | § | |

## VERDICT FORM

## QUESTION NO. 1

Did the negligence, if any, of those named below proximately cause the occurrence in question?

Answer "Yes" or "No" for each of the following:

A. Paul Charles Woodard. _____

B. USA Truck Inc. _____

C. William Decker _____

If you answer "Yes" to Paul Charles Woodard or USA Truck, Inc., go to Question 2. If you answered "No" to Paul Charles Woodard and "No" to USA Truck, Inc., do not answer the following questions. [6]

---

[6] PJC 4.1 (2010).

If you have answered "Yes" to Question 1 for more than one of those named below, then answer the following question (Question No. 2). Otherwise, do not answer this question and proceed to Question 3.

## QUESTION NO. 2

What percentage of the negligence that caused the occurrence in question do you find to be attributable to each of those found by you, in your answer to Question No. 1?

The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The negligence attributable to (each or the) person(s) named below is not necessarily measured by the number of acts or omissions found. The percentage attributable to (each of the) person(s) need not be the same percentage attributed to that person in answering another question.

| | | |
|---|---|---|
| A. | Paul Charles Woodard. | _____ |
| B. | USA Truck Inc. | _____ |
| C. | William Decker | _____ |
| | Total | _____100 %_____ |

Please proceed to Question No. 3 on the next page.[7]

---

[7] PJC 4.3 (2010).

Answer the following question (Question No. 3) if you answered "Yes" for Paul Charles Woodard or USA Truck, Inc. to Question No. 1, and answered;

(1) "No" for William Decker to Question 1

   or

(2) 50 percent or less for William Decker to Question 2.

Otherwise, do not answer Question 3. (PJC 15.1 (2010)).

You are instructed that any monetary recovery for medical expenses incurred, physical pain and mental anguish, and physical impairment in the past or future is not subject to federal or state income taxes. (PJC 15.2 (2010)).

## **QUESTION NO. 3**

What sum of money, if paid now in cash, would fairly and reasonably compensate William Decker for his injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none others. Consider each element separately. Do not include for one element in any other element. Do not included interest on any amount of damages you may find.

    A.    Medical care expenses incurred in the past    $_____

    B.    Medical care expenses in the future    $_____

    C.    Physical pain and mental anguish in the past    $_____

    D.    Physical pain and mental anguish in the future    $_____

    E.    Physical impairment in the past    $_____

    F.    Physical impairment in the future    $_____

    G.    Lost wages in the past    $_____

  H. Lost earning capacity in the future    $_____

Do not reduce the amounts, if any, in your answers because of the negligence, if any, of William Decker. (PJC 15.3 (2010)).